## NEW YORK SUPERIOR COURT.

ROBERT SEAMAN agt. ANTHONY MCREYNOLDS, impleaded with
THOMAS O'CALLAGHAN.

*Costs against sureties on an undertaking to the court of appeals from an
order granting a new trial.*

Upon an undertaking given upon an appeal to the court of appeals, from
an order of the general term, reversing a judgment of the special term,
and granting a new trial—the appellant giving the usual stipulation
for judgment absolute on affirmance, and the court of appeals affirm
the judgment of the general term, with costs to the respondent of the
appeal to that court—the liability of the sureties on the undertaking,
extends to the costs of the appeal to the court of appeals only.

*Special Term*, 1876.

MOTION for a new trial.

The action was against the defendants as sureties, upon an
undertaking given upon an appeal to the court of appeals, by
one Delahanty, from an order of the general term of the
court of common pleas, reversing a judgment of the special
term and granting a new trial.

Delahanty had recovered a judgment against one Seaman.
The latter appealed to the general term, where the judgment
was reversed and a new trial ordered. From this order
Delahanty appealed to the court of appeals, giving the usual
stipulation, that if the order should be affirmed, judgment
absolute should be rendered against the appellant.

The undertaking of the defendants was the usual printed
form used on an appeal from a judgment directing the pay-
ment of money, but it recited the judgment of the special

term, and the order of the general term reversing the judgment and granting a new trial, and the intention to appeal therefrom to the court of appeals, and then was, in substance, as follows: "That the appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $250; and if the said order so appealed from, or any part thereof, be affirmed, the said appellant will pay the amount directed to be paid by said judgment, or the part of such amount as to which the said judgment shall be affirmed, if it be affirmed only in part or if the appeal be dismissed, and all damages which shall be awarded against the appellant on said appeal."

The sureties justified in $500. The court of appeals affirmed the judgment of the general term by default, and adjudged that the "respondent should recover against the appellant his costs of appeal to this court." And it was further ordered that the record and proceedings be remitted to the court of common pleas, "there to be proceeded upon according to the law."

On filing the remittitur in the common pleas an order was entered, in substance, making the judgment of the court of appeals the judgment of that court, and that the defendant therein (Seaman) recover against the plaintiff (Delahanty) the costs of the appeal to the court of appeals, which were taxed at $226.38. The court also awarded a further judgment against the plaintiff, Delahanty, for the costs of the trial and appeal to the general term, amounting to $638.75.

The plaintiff claimed to recover in this action against the sureties of Delahanty, the two sums, namely, the costs of the appeal to the court of appeals ($226.38) and the costs of the trial and appeal to the general term ($638.75).

On the trial the defendants claimed that they were liable only for the costs of the appeal to the court of appeals, and asked the court so to instruct the jury. The court declined to do so, and the defendants excepted.

The court directed the jury to find for the plaintiff for

Seaman agt. McReynolds.

the full amount claimed, with interest, and the defendants excepted.

The jury gave a verdict for $1,464.42.

The defendants moved for a new trial on the minutes.

*D. T. Robertson,* for defendants.

*H. M. Whitehead,* for plaintiff.

Monell, *Ch. J.* — The Code, as originally adopted, did not allow any appeal to the court of appeals from an order granting or denying a motion for a new trial. The first amendment seems to have been in 1851 allowing an appeal from an order granting a new trial. But the amendment was repealed the next year (1852), and two years afterward (1854) the repeal was limited to appeals taken subsequent to the act of 1852. In 1857 the section was again amended by again allowing appeals from orders granting new trials, but requiring the assent of the appellant, that if the order be affirmed judgment absolute should be rendered against the appellant. In 1862 a further amendment includes an order refusing a new trial.

In extending the jurisdiction of the court to orders granting new trials no special provision was made by the legislature for staying proceedings upon the order by requiring security or otherwise, and the only provisions of law applicable are those of chapter 2 of title 11 of the Code and the general power given to the court over its proceedings.

The three hundred and thirty-fourth section provides, that to render an appeal effectual for any purpose an undertaking must be executed to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal. But if the appeal is from a judgment directing the payment of money, there must, to stay the proceedings thereon, be a further undertaking as prescribed in the succeeding sections. In all other cases, *i. e.,* cases not provided

for in the several sections referred to, the perfecting of an appeal, by giving the undertaking mentioned in section 334, shall stay proceedings in the court below upon the judgment appealed from (*Code, sec.* 342).

There can be no question that an appeal from an order granting a new trial falls within the provisions of section 334; and it is equally clear, I think, that none of the succeeding sections, down to section 342, have any application. There was no judgment directing the payment of money from which the appeal was taken. The only "judgment" between the parties was in favor of the appellant, and had been reversed and set aside and a new trial ordered. The respondent, in the court of appeals, had nothing but a mere right to go to a new trial, in which, if he should be successful, he would recover his costs of the suit and of the appeal to the general term. The contingency of his right to recover costs could happen only after a second trial. But no second trial was had; the operation of the order granting the new trial was stayed by the undertaking under section 334. The situation, therefore, of the parties, when the appeal was taken from the order, did not require that any undertaking should be given other than such as is required by section 334. There was no judgment directing the payment of money then in existence; and the possible judgment authorized by the appellant's stipulation, in the event of an affirmance of the order, is nowhere contemplated in the Code, and could not well be when it depended upon a contingency so remote and uncertain.

It is enough, however, that the Code does not require, in appeals from orders, any undertaking except to secure the costs in the court of appeals; and such an undertaking is effectual to stay proceedings upon the order.

But it is claimed that the undertaking executed by the defendants can, by construction, be made to cover costs which the respondent recovered after the affirmance of the order by the judgment of the common pleas; and I am referred to

Seaman agt. McReynolds.

the latter part of the printed form, which is to the effect, that if the order is affirmed the appellant will pay the amount directed to be paid by the "judgment," and all damages awarded against the appellant on the appeal.

The undertaking was a printed form applicable to an appeal from a judgment directing the payment of money, but contained, also, an undertaking for costs under section 334. The latter part was sufficient and proper, but the other part was unnecessary and inapplicable to the existing facts.

It has been held that an undertaking under the Code is good as a promise (*Thompson* agt. *Blanchard*, 3 *N. Y. R.*, 335; *Doolittle* agt. *Dininny*, 31 *id.*, 350), and need not express a consideration; but it being an instrument authorized and required by law, no other or greater effect can be given to it than is provided in the law. Even, therefore, if, by its terms, the undertaking could be made to cover the subsequently recovered judgment for costs, which the plaintiff recovered against the defendants' principal, it is at least questionable whether it would be an obligation binding on the sureties. As a simple promise, expressing no consideration, it would be void under the statute of frauds, unless, perhaps, a consideration was proved by parol; for the cases I have referred to sustain an undertaking as a valid instrument, solely on the ground that it is required and authorized by law.

There is, however, nothing in the terms or tenor of the undertaking which can render the sureties liable upon it for a subsequently acquired judgment; and the promise to pay the amount directed to be paid by the "judgment" was improper, as there was no judgment, and was unnecessary for the purpose of an appeal from the order.

Besides, in giving effect to such an instrument, the liability must be determined from the facts existing when the obligation was incurred, and from the intention of the parties at that time (*Rochester City Bank* agt. *Elwood*, 21 *N. Y. R.*, p. 90).

When the undertaking was signed there was no judgment against the appellant. At most there was a possibility of a future judgment for costs. But that depended upon the contingency of an affirmance of the order. It could not, therefore, have been intended by the sureties to become responsible for the appellant beyond his existing liabilities ; and the language cannot be interpreted into an obligation to pay otherwise than the terms plainly import.

The question here is against a surety. The judgment for costs against the appellant is valid and can be enforced against him. But the liability of his sureties is to be ascertained by the undertaking they executed.

The judgment of the court of appeals merely affirmed the order, with the costs of that appeal. No damages were awarded. Upon filing the remittitur the common pleas gave judgment for the previous costs against the appellant. To that proceeding the sureties were not parties; and their obligation, incurred when the appeal was taken, does not include them.

The effect of the stipulation upon an appeal from an order granting a new trial, is that upon an affirmance of the order, the court may give, as a final judgment, the same judgment that the respondent would have been entitled to if he had been successful at the trial. Hence, in such a case, the judgment absolute is for costs only, and may cover all the costs of the action. Such a recovery is good as against the appellant, who, as the party to the record, is subject to the power of the court. But the power over the sureties is restricted to their written obligation, and cannot be found elsewhere.

If I am correct in the view taken of the defendants' liability, then the recovery should have been for the costs of the appeal to the court of appeals, with interest thereon.

The verdict must be amended by reducing it to the sum of $300.75, that being the costs in the court of appeals ($226.38)

and seventy-four dollars and thirty-seven cents interest from June 20, 1871.

The recovery is not confined to the $250 named in the undertaking. Interest beyond the penalty is always recoverable (*Lyon* agt. *Clark*, 8 *N. Y. R.*, 148; *Brainard* agt. *Jones*, 18 *id.*, 35)